<u>NOT FOR PUBLICATION</u>                                                                                     (Doc. No. 13)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, : : : | |
| Plaintiff, : | Civil No. 10-4061 (RBK/AMD) |
| v. : | **OPINION** |
| LEFT FIELD PROPERTIES, L.L.C. a.k.a LEFT FIELD PROPERTIES, LLC, BRIAN T. BARR; NOVA BANK; and STATE OF NEW JERSEY, : : : : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This is a mortgage foreclosure action. Presently before the Court is the motion by Plaintiff Wilmington Savings Fund Society ("Wilmington") for entry of default judgment against Defendants Left Field Properties, L.L.C. ("Left Field"), Brian T. Barr, Nova Bank ("Nova"), and the State of New Jersey. For the reasons discussed below, the motion is **DENIED**.

**I.     BACKGROUND**

Wilmington is a federal savings bank, with its principal place of business in Wilmington, Delaware. Defendant Left Field is a limited liability company, whose sole member, Mr. Brian T. Barr, is a citizen of Pennsylvania.

On December 2, 2008, Barr executed and delivered a Promissory Note (the "Note") to Wilmington for a principal amount of $400,000.00 (the "Loan"). The express terms of the Note provided that the Loan matured on June 2, 2009 (the "Maturity Date"). On several occasions,

the parties extended the Maturity Date, eventually extending it to March 2, 2010 (the "Second Maturity Date"). In exchange for that extension, Left Field executed a mortgage (the "Mortgage") upon real property located at 162 Cohawkin Road, East Greenwich Township, Gloucester County, New Jersey 08020. The Mortgage was recorded in Gloucester County on January 5, 2009.

Under the terms of the Note and the Mortgage, failure to pay the full amount of principal and interest due on the Loan before the maturity date constitutes a default. (See Promissory Note at 1; Mortgage Agreement at 5). Moreover, when a party to the Note or Mortgage defaults, the entire outstanding balance of the Loan is immediately due and payable. (See Promissory Note at 1; Mortgage Agreement at 5). Left Field and Barr failed to pay the full balance due on the Note and the Mortgage prior to the Second Maturity Date.

On August 6, 2010, Wilmington filed the Complaint. On August 11, 2010, Wilmington filed the Amended Complaint. The Amended Complaint seeks foreclosure and possession of the Mortgaged Property. Wilmington served a copy of the Summons and Complaint on Nova, Barr, and Left Field in August 2010. Defendants failed to file an answer or a responsive pleading. On November 16, 2010, Wilmington filed the present motion for default judgment.

## II.   DISCUSSION

### A. Jurisdiction

"Before entering a default judgment against a party that has not filed responsive pleadings, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" Bank of Am., N.A. v. Hewitt, No. 07-4536, 2008 U.S. Dist. LEXIS 90719, at *5 (D.N.J. Nov. 7, 2008) (quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)). "For diversity purposes, the citizenship of a federal savings bank

is determined by the location of its home office." Davis v. Citibank West, FSB, No. 10-4477, 2011 WL 1086055, at *2 (N.D. Cal. Mar. 24, 2011) (citing 12 U.S.C. § 1464(x)).

The Court may not exercise subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Amended Complaint alleges "Plaintiff, Wilmington Savings Fund Society, FSB, ("WSFS"), is a federal savings bank, with its principal place of business at 500 Delaware Avenue, Wilmington, Delaware 19801." (Am. Compl. ¶ 1). Because the Amended Complaint fails to allege the home state of Wilmington, this Court does not have a basis for exercising subject matter jurisdiction over Wilmington's request for default judgment. See Davis, 2011 WL 1086055, at *2 (finding no basis for jurisdiction over federal savings bank where plaintiff alleged that bank had its principal office in San Francisco, California).

### III.   CONCLUSION

Because this Court lacks a basis for exercising subject matter jurisdiction over this lawsuit, Wilmington's motion for default judgment is **DENIED**. An appropriate order shall issue today.

Date:  6/20/2011                                  /s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge

3