**NOT FOR PUBLICATION**                                                                        (Doc. No. 29)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, | : | |
| Plaintiff, | : | Civil No. 10-4061 (RBK/AMD) |
| v. | : | **ORDER** |
| LEFT FIELD PROPERTIES, L.L.C. a.k.a LEFT FIELD PROPERTIES, LLC, BRIAN T. BARR; NOVA BANK; and STATE OF NEW JERSEY, | : | |
| Defendants. | : | |

**THIS MATTER** having come before the Court on the motion of Plaintiff Wilmington Savings Fund Society ("WSFS") for entry of final judgment by default on a mortgage foreclosure action against Defendants Left Field Properties, L.L.C. a.k.a. Left Field Properties, LLC ("Left Field"), Brian T. Barr, Nova Bank ("Nova"), and the State of New Jersey; and

**IT APPEARING TO THE COURT** that WSFS is a federal savings bank, with its home office located in Wilmington, Delaware; and

**IT FURTHER APPEARING TO THE COURT** that Defendant Left Field, a New Jersey limited liability company, has its principal place of business in Media, Pennsylvania, and Defendant Barr, Left Field's sole member, is an individual who resides in Malvern, Pennsylvania; and

**IT FURTHER APPEARING TO THE COURT** that Nova, a Pennsylvania banking corporation, has its principal place of business in Wynnewood, Pennsylvania; and

1

**THE COURT NOTING** that "[b]efore entering a default judgment against a party that has not filed responsive pleadings, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties,'" Bank of Am., N.A. v. Hewitt, No. 07-4536, 2008 U.S. Dist. LEXIS 90719, at *5 (D.N.J. Nov. 7, 2008) (quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)); and

**THE COURT NOTING FURTHER** that a federal court has subject matter jurisdiction if there is complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332 (2012); and that "[c]omplete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant," Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553 (2005); Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir. 2009); and

**THE COURT NOTING FURTHER** that "[f]or diversity purposes, the citizenship of a federal savings bank is determined by the location of its home office," Davis v. Citibank West, FSB, No. 10-4477, 2011 WL 1086055, at *2 (N.D. Cal. Mar. 24, 2011) (citing 12 U.S.C. § 1464(x)); and that "citizenship of a limited liability company ('LLC') for diversity jurisdiction purposes . . . is determined by the citizenship of each of its members," Zambelli Fireworks, 592 F.3d at 418; and that an individual "is deemed to be a citizen of the state where he is domiciled," Id. at 419 (citing Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir.2008)); and that "[a] business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and . . . also 'of the State where it has its principal place of business,'" Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006) (citing 28

U.S.C. § 1332(c)(1)); and that "[s]tate banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this prescription;" Id.; and

     **THE COURT NOTING FURTHER** that "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction," Moor v. Alameda County, 411 U.S. 693, 717 (1973) (citing Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487 (1894)); and that "it is well settled that a suit between a state and a citizen . . . of another state is not between citizens of different states, and that [a] court of the United States has no jurisdiction of it," unless the case presents a federal question, Postal Tel. Cable Co., 155 U.S. 482, 487 (1894); see Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n, 598 F.2d 1303, 1306 (3d Cir. 1979) (asserting that a "district court would be without power to entertain [an] action under the diversity statute" if the state of New Jersey [was] a real party in interest); State of La. v. Sprint Communications Co., 892 F. Supp. 145, 147-48 (M.D. La. 1995) (granting motion to remand, in part, because removal based on diversity of citizenship was improper where State of Louisiana was one of several plaintiffs); and

     **THE COURT FINDING** that although Plaintiff and Defendants Left Field, Barr, and Nova are citizens of different states for purposes of diversity jurisdiction, the State of New Jersey is not a "citizen" for purposes of diversity jurisdiction; and

     **THE COURT FINDING FURTHER** that, therefore, complete diversity of citizenship does not exist in this case; and

     **THE COURT FINDING FURTHER** that it does not have subject matter jurisdiction over this dispute; and

     **IT IS HEREBY ORDERED** that Plaintiff's motion for final judgment by default is **DENIED**; and

**IT IS HEREBY FURTHER ORDERED** that the Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.


Date:  4/23/2012                                                          /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge